IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § |
| v. | § Civ. Action No. |
| AMT CAPITAL, LTD | § 3-06CV1883-K |
| Defendant. | § |

### COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

The United States of America, acting on behalf of its agency, the United States Small Business Administration (SBA), files its complaint against AMT Capital Ltd., a Texas limited partnership (AMT), pursuant to the Small Business Investment Act (Act), 15 U.S.C. § 687c.

Due to AMT's violations of the Act set forth herein, the United States makes application under Section 311 of the Act for entry of preliminary and permanent injunctions and for appointment of the SBA as receiver for all of AMT's assets. The United States also seeks entry of judgment against AMT arising from AMT's debt to the SBA in an amount not less than $ 20.3 million.

### I.

### PARTIES, JURISDICTION AND VENUE

1.  Jurisdiction is conferred on this Court by virtue of the Act, 15 U.S.C. §§ 687(d),

687c, 687h; and 28 U.S.C. § 1345. Venue is proper in this judicial district under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b) because the defendant conducts business in this judicial district.

2. Plaintiff is the United States of America acting on behalf of the SBA, whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

3. Defendant is AMT who currently maintains its principal place of business at 14241 Dallas Parkway, Suite 200, Dallas, TX 75254, and can be served there.

## II.
## STATEMENT OF FACTS AND APPLICABLE LAW

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. AMT was licensed by SBA as a Small Business Investment Company (SBIC) on October 7, 1991, SBA License No. 06/06-0304. Pursuant to Section 301(c) of the Act, *supra*, in becoming a SBIC licensee, AMT agreed that it would solely do business under the provisions of the Act and the Regulations promulgated thereunder.

6. Defendant's General Partner is AMT Capital G.P., Inc., a Delaware corporation, which maintains its principal place of business at 14241 Dallas Parkway, Suite 200, Dallas TX 75254.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of

SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (Regulations).

8. AMT's Agreement of Limited Partnership expressly incorporates the Act and the Regulations.

9. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10. Pursuant to this authority, SBA provided funds to Defendant through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $19,500,000, as follows:

   a. No. 04652551-05 in the amount of $2,000,000;
   b. No. 04652552-03 in the amount of $1,000,000;
   c. No. 04652553-01 in the amount of $1,000,000;
   d. No. 04652554-10 in the amount of $1,000,000;
   e. No. 04660451-03 in the amount of $1,000,000;
   f. No. 04660452-01 in the amount of $1,000,000;
   g. No. 04660453-10 in the amount of $500,000;
   h. No. 04660454-08 in the amount of $500,000;
   i. No. 04660455-06 in the amount of $1,000,000;
   j. No. 04660456-04 in the amount of $500,000;
   k. No. 04660457-02 in the amount of $500,000;
   l. No. 04660458-00 in the amount of $500,000;
   m. No. 04660459-09 in the amount of $500,000;
   n. No. 04660460-01 in the amount of $500,000;

**Complaint for Injunctive and Other Relief - Page 3**

o. No. 04660461-10 in the amount of $500,000;

p. No. 04660462-08 in the amount of $500,000;

q. No. 04660463-06 in the amount of $250,000;

r. No. 04660464-04 in the amount of $250,000;

s. No. 04660465-02 in the amount of $250,000;

t. No. 04660466-00 in the amount of $250,000;

u. No. 04660467-09 in the amount of $250,000;

v. No. 04660468-07 in the amount of $250,000;

w. No. 04660469-05 in the amount of $250,000;

x. No. 04660470-08 in the amount of $250,000;

y. No. 04660471-06 in the amount of $250,000;

z. No. 04660472-04 in the amount of $250,000;

aa. No. 04670251-10 in the amount of $500,000;

bb. No. 04670252-08 in the amount of $250,000;

cc. No. 04670253-06 in the amount of $250,000;

dd. No. 04670254-04 in the amount of $250,000;

ee. No. 04670255-02 in the amount of $250,000;

ff. No. 04670256-00 in the amount of $500,000;

gg. No. 04670257-09 in the amount of $500,000;

hh. No. 04670258-07 in the amount of $500,000;

ii. No. 04670259-05 in the amount of $500,000;

jj. No. 04670260-08 in the amount of $250,000;

kk. No. 04670261-06 in the amount of $250,000;

ll. No. 04670262-04 in the amount of $250,000;

mm. No. 04670263-02 in the amount of $250,000.

11. As of July 13, 2006, Defendant was indebted in the amount of $20,315,932.00, including principal in the amount of $19,299,744.96 and accrued interest in the

**Complaint for Injunctive and Other Relief - Page 4**

amount of $1,016,187.04, with a per diem rate of $3,236.28.

12. The Debentures described in paragraph 10 above, are subject to, and incorporated by reference, the Regulations, including but not limited to the provisions of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R §107.507.

13. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as AMT may be forfeited and the company may be declared dissolved.

14. Section 311 of the Act, 15 U.S.C. §687c, provides that if SBA makes a determination that a Licensee such as AMT, or any other person, has engaged in or is about to engage in any acts or practices which constitutes or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application to federal district court for an injunction (Section 311 Application).

15. Upon the filing of such Section 311 Application, the Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. Section 311 of the Act authorizes the Court to appoint SBA to act as receiver for such Licensee.

### III.
### COUNT ONE

## CAPITAL IMPAIRMENT

16. Paragraphs 1 through 15 are incorporated by reference as though fully set forth herein.

17. Section 107.1810(g) of the Regulations, 13 C.F.R. § 107.1810(g) (2004), which governs the Debentures, provides that the entire indebtedness, and/or the principal amount, of an SBIC's debentures may be declared due and payable on the happening of certain events of default, as described in that regulation.

18. Section 107.1810(f)(5) of the Regulations, 13 C.F.R. § 107.1810(f)(5) (2003), provides that a condition of capital impairment is an event of default with opportunity to cure.

19. Section 107.1830 of the Regulations, 13 C.F.R. § 107.1830, further provides that a Licensee, such as Defendant, has a condition of Capital Impairment if its capital impairment percentage is greater than 50%.

20. By letter dated June 29, 2005, SBA informed Defendant that, based upon an SBA Form 468 submitted by Defendant for the period ending March 31, 2004, Defendant had a capital impairment percentage of 87.8%, which percentage constituted an event of default with opportunity to cure under 13 C.F.R. § 107.1810(f) (2001).

21. That same letter gave AMT fifteen (15) days, or until July 14, 2005, to cure its condition of capital impairment.

22. AMT has failed to cure its condition of capital impairment.

**Complaint for Injunctive and Other Relief - Page 6**

23. In accordance with 13 C.F.R.§107.1810, by letter dated August 19, 2005, SBA accelerated the indebtedness evidenced by the Debentures and made demand for payment in full, totaling $20,102,781.92 comprised of $19,500,000.00 in principal, $602,781.92 in interest, with a per diem rate of $3,276.00 as of August 19, 2005.

24. On or about August 24, 2005 Defendant made a payment to SBA in the amount of $800,000.00. SBA applied the payment first to accrued interest with the remaining balance applied to principal.

25. Defendant remains capitally impaired in violation of 13 C.F.R.§107.1810(f)(5).

26. As of July 13, 2006, Defendant was indebted to SBA for the total sum of $20,315,932.00 including principal of $19,299,744.96 and accrued interest and fees in the amount of $1,016,187.04 with a per diem interest rate of $3,236.28.

27. As a consequence of Defendant's violation of 13 C.F.R.§§107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C.§§687(d) and 687c, including the appointment of SBA as Receiver of AMT, and is also entitled to judgment in the amount of $20,315,932.00 including principal in the amount of $19,299,744.96 and accrued interest in the amount of $1,016,187.04 as of July 13, 2006, with a per diem rate of $3,236.28 for each day thereafter until the date judgment is entered and post judgment interest thereon.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

**Complaint for Injunctive and Other Relief - Page 7**

  A. That permanent injunctive relief be granted restraining Defendant, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on AMT's behalf, or in concert or participation therewith, from:

    (1) making any disbursements of Defendant's funds;

    (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of AMT, wherever located; and

    (3) further violating the Act or the Regulations promulgated thereunder;

  B. That this Court determine and adjudicate AMT's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

  C. That this Court take exclusive jurisdiction of AMT and all of its assets, wherever located, and appoint SBA as permanent, liquidating receiver of AMT for the purpose of liquidating all of AMT's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to AMT against third parties, as appropriate;

  D. That this Court render Judgment in favor of SBA and against AMT in the amount of $20,315,932.00, including principal in the amount of $19,299,744.96 and accrued interest in the amount of $1,016,187.04 as of July 13, 2006, with a per diem rate of $3,236.28 up to the date of entry of judgment, plus post judgment interest pursuant to 28 U.S.C.§1961 as of the date judgment is entered; and

**Complaint for Injunctive and Other Relief - Page 8**

E. That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

*/s/ Katherine D. McGovern*

KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
TX Bar No. 13638020
1100 Commerce Street, Rm 300
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.767.2916
Email: katherine.mcgovern@usdoj.gov

**OF COUNSEL:**
WILLIAM L. GERY
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
202.401-2803
202.481.0324 (fax)
Email: william.gery@sba.gov